

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DSS
F.#2007R00189

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 4, 2007

<u>By Hand and ECF</u>

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Eric Gay</u>
     <u>Criminal Docket No. 07-593 (ILG)</u>

Dear Judge Glasser:

  On September 7, 2007, defendant Eric Gay pled guilty to Count One of the above-captioned indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(d).  The defendant is scheduled to be sentenced on December 7, 2007 at 2:30 p.m.  The government submits this letter in opposition to the defendant's sentencing memorandum, dated December 3, 2007.  For the reasons set forth below, the government asserts that the defendant should be sentenced within the applicable Guidelines range of 84 to 105 months.

I. <u>Background</u>

  On June 6, 2007, the defendant entered an Apple Bank located at 486 Neptune Avenue in Brooklyn, New York. (Presentence Investigation Report ("PSR") ¶ 2).  The defendant placed a metal box wrapped in electrical tape on the counter and handed a demand note to the teller. (<u>Id.</u>)  The note read, "There's a bomb in the box all money and nobody dies no funny money." (<u>Id.</u>)  The defendant then threatened to "blow up the place" if she activated the alarm. (<u>Id.</u>)  The defendant fled the bank with $1,082. (<u>Id.</u>)  Upon inspection, the metal box turned out to be empty.

  This crime constituted the third bank robbery the defendant committed within a three week period.  On June 1, 2007,

the defendant robbed a Bank of America branch located on Myrtle Avenue in Brooklyn. (PSR ¶ 5). During that robbery, the defendant presented a demand note that read "All cash nobody gets shot." (Id.) He then left the bank with $1,688. (Id.) In addition, on May 17, 2007,[1] the defendant robbed a bank located on Court Street in Brooklyn. (PSR ¶ 38). During that robbery, the defendant presented a demand note that claimed the defendant was carrying a gun. (Id.)

II. A Guidelines Sentence Is Appropriate

Interpreting the Supreme Court's decision in United States v. Booker, the Second Circuit has held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005). Although the Court declined to determine what weight a sentencing judge should normally give to the Guidelines in fashioning a reasonable sentence, the Court cautioned that judges should not "return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum." Id. at 113. See also, United States v. Villafuerte, 502 F.3d 204, 209 (2d Cir. 2007)(noting that "the Guidelines 'seek to embody the § 3553(a) considerations, both in principle and in practice . . . [and] it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives'")(quoting Rita v. United States, 127 S.Ct. 2456, 2464-65 (2007)).

Here, insofar as the defendant seeks a non-Guidelines sentence, his claims should be rejected. In support of his request for leniency, the defendant notes that: 1) the dangerous weapon used in connection with the June 6, 2007 was not in fact a real bomb; 2) the defendant's most recent prior convictions are relatively minor; and 3) the defendant and his family members have accepted the fact that, prior to his arrest, the defendant's drug addictions had rendered him a threat to himself and others.

The judgment embodied in the Guidelines to treat hoax weapons as if they were actual weapons is well-reasoned. By presenting a hoax bomb and threatening to blow up a bank, the defendant put the victim tellers and bank customers in real danger. The defendant's threats could have caused a panic or disturbance leading to physical injury. Surely, the defendant caused lasting psychic harm. In addition, it should be noted that the defendant claimed to be carrying a gun during his other two recent bank robberies as well.

---

[1] The PSR incorrectly states that this robbery occurred on May 26, 2007.

       Moreover, the defendant's criminal history is staggering.  From age 13 until his present arrest at age 28, the defendant's record reflects 14 convictions, not including the instant offense.  These convictions include robbery and assault, and the arrest reports reflect the use of knives and at least one firearm.  (PSR ¶¶ 24-27).  The fact that the defendant's most recent prior convictions did not apparently involve violence does not negate the seriousness and frequency of his crimes.

       Finally, while the defendant currently acknowledges his drug addictions and lack of self-control, the defendant's record belies any notion of rehabilitation.  The defendant has served significant periods of incarceration before, only to re-offend upon release.

       Therefore, the government respectfully submits that a Guidelines sentence is both reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

III.    <u>Conclusion</u>

       For the foregoing reasons, the Court should impose sentence within the applicable Guidelines range of 84 to 105 months.

       Respectfully submitted,

       BENTON J. CAMPBELL
       United States Attorney

By:       /s/
       Daniel S. Silver
       Assistant U.S. Attorney
       (718) 254-6034

cc:  Michael Weil, Esq. (By ECF)
    Clerk of the Court (ILG) (By ECF)